IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3M INNOVATIVE PROPERTIES COMPANY and 3M COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ASSURETEC SYSTEMS, INC.,<br><br>Defendant. | Case No. 6-cv-375-SLR |

## STIPULATED CONSENT JUDGMENT

The parties having agreed upon a resolution of this matter prior to a trial on the merits, having considered the facts and applicable law, and having agreed to the entry of this Judgment, it is therefore found, adjudged, and decreed as follows:

### FINDINGS OF FACT

1. Plaintiff 3M Innovative Properties Company ("3M IPC") is a corporation organized and existing under the laws of the state of Delaware, and having its principal place of business at 3M Center, St. Paul, Minnesota 55133-3427.

2. Plaintiff 3M Company ("3M Co.") is a corporation organized and existing under the laws of the state of Delaware, and having its principal place of business at 3M Center, St. Paul, MN 55133-3427.

3. Defendant AssureTec Systems, Inc. ("AssureTec") is a corporation organized and existing under the laws of the state of Delaware, and having its principal place of business at 200 Perimeter Road, Manchester, NH 03103-3326.

1

4. AssureTec has made, used, sold, and offered for sale reader/authenticator products, including the i-Dentify Reader/Authenticator products and AssureID™ Professional Platform software when used in conjunction with i-Dentify Reader/Authenticator, (hereafter the "Accused Products") in the United States.

5. On February 1, 2000, United States Patent No. 6,019,287 ("the '287 patent"), entitled "Security Reader For Automatic Detection Of Tampering And Alteration," was duly and legally issued by the United States Patent and Trademark Office.

6. 3M IPC is the owner of the '287 patent. 3M Co. is duly licensed under the '287 patent.

7. On August 26, 2003, United States Patent No. 6,611,612 ("the '612 patent"), entitled "Security Reader For Automatic Detection Of Tampering And Alteration," was duly and legally issued by the United States Patent and Trademark Office.

8. 3M IPC is the owner of the '612 patent. 3M Co. is duly licensed under the '612 patent.

9. Plaintiffs brought this action against AssureTec for infringement of the '287 patent and the '612 patent.

10. AssureTec has made, used, sold, offered for sale and/or imported products that infringe, directly or indirectly, one or more claims of the '287 patent. AssureTec has practiced methods, contributed to the practice of methods, and/or induced the practice of methods that infringe one or more claims of the '287 patent.

11. AssureTec has made, used, sold, offered for sale and/or imported products that infringe, directly, indirectly, and/or by inducement or contribution, one or more claims of the '612 patent.

12. Any finding of fact that is deemed to be a Conclusion of Law is hereby adopted as such.

13. The parties, consistent with their agreement, seek to terminate this litigation through this Consent Judgment.

## CONCLUSIONS OF LAW

14. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

15. This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

16. All of the claims of the '287 patent are valid and enforceable as to all past, present, and/or future AssureTec products or methods.

17. All of the claims of the '612 patent are valid and enforceable as to all past, present, and/or future AssureTec products.

18. AssureTec has infringed (directly, contributorily, and/or by inducement) one or more claims of the '287 patent and one or more claims of the '612 patent by making, using, selling, and offering to sell the Accused Products.

19. The parties intend and this Court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment bars Defendant from contending in this action or any other proceeding that the Accused Products and other products that are only colorably different do not infringe the '287 patent.

20. The parties intend and this Court explicitly orders that the issues of infringement are hereby finally concluded and disposed of and that this Consent Judgment bars Defendant from contending in this action or any other proceeding that the Accused Products and other products that are only colorably different do not infringe the '612 patent.

21. This Judgment shall finally conclude and dispose of this litigation, and, as to all parties, this Judgment shall be entitled to issue and claim preclusive effect.

22. Any Conclusion of Law that is deemed to be a Finding of Fact is hereby adopted as such.

**NOW THEREFORE, UPON CONSENT OF THE PARTIES HERETO, IT IS ORDERED ADJUDGED AND DECREED:**

A. Judgment is hereby entered on behalf of Plaintiffs on all of Plaintiffs' claims.

B. Remedies for past infringement shall be in accordance with a Settlement Agreement (and the exhibits thereto) made and entered into by the parties on July 13, 2006.

C. AssureTec, including its officers and directors, agents, servants, employees, attorneys, distributors, assignees, and all persons controlling, controlled by, or in active concert or participation with, through, or under them are hereby enjoined from making, using, selling, offering to sell, and/or importing, or inducing or assisting others to make, have made, use, import, sell, or offer to sell, in or into the United States, any of the Accused Products and/or any other products not more than merely colorably different from the Accused Products, and/or any other acts that infringe any claim of the

4

'287 patent and/or the '612 patent, and from causing, inducing or contributing to the infringement of those patents by others, without express permission or license from 3M IPC.

D.    No appeal shall be taken by any party from this Consent Judgment, the right to appeal being expressly waived by all parties.

E.    Each party shall bear its own costs and attorney's fees.

F.    Final Judgment shall be entered forthwith, without further notice. The Clerk is directed to enter this final Consent Judgment forthwith.

IT IS SO ORDERED.

Dated: 7/18/06

_____
The Honorable Sue L. Robinson
United States District Court Judge

SO AGREED AND STIPULATED:

Respectfully Submitted,

3M INNOVATIVE PROPERTIES CO.

Dated: July 13, 2006

By: _____
Name: Gary L. Griswold
Title: President

3M COMPANY

Dated: July 13, 2006

By: _____
Name: Jean Lobey
Title: Executive Vice President, Safety,
Security & Protection Services Business

FISH & RICHARDSON P.C.

Dated: July 14, 2006

By: _____
William J. Marsden
Thomas L. Halkowski
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

ASSURETEC SYSTEMS, INC.

Dated: _____

By: _____
Name: Bruce Reeves
Title: President and CEO

SO AGREED AND STIPULATED.

Respectfully Submitted,

3M INNOVATIVE PROPERTIES CO.

Dated: _____

By: _____
Name: Gary L. Griswold
Title: President

3M COMPANY

Dated: _____

By: _____
Name: Jean Lobey
Title: Executive Vice President, Safety, Security & Protection Services Business

FISH & RICHARDSON P.C.

Dated: _____

By: _____
William J. Marsden
Thomas L. Halkowski
919 N. Market Street, Suite 1100
P.O. Box 1114
Wilmington, DE 19899-1114

ASSURETEC SYSTEMS, INC.

Dated: July 13, 2006

By: [signature]
Name: Bruce Reeves
Title: President and CEO

6